Chief Judge Bbeitel.
In a matrimonial action, into which was consolidated a Family Court support proceeding brought by the wife, plaintiff husband appeals from an Appellate Division order affirming dismissal of his complaint and increasing the alimony award to the wife. The wife also took an appeal, but has abandoned the appeal and urges an affirmance. The principal issue relates to the discretion of the trial court under the facts established at the trial to withhold granting a divorce for “ cruel and inhuman treatment ” under the Domestic Relations Law (§170, subd. 1). The trial court had qualifiedly found provocative conduct by the wife but also determined that her conduct was not wanton and had not endangered the husband’s well-being.
After trial the court dismissed the husband’s complaint, and among other things affecting support, allowed the wife alimony of $275 per week. The Appellate Division modified the judgment only with respect to increasing the weekly alimony award, to $400.
There should be an affirmance. The dismissal of the husband’s complaint was in the proper exercise of discretion. The Appellate Division’s increase in the alimony award will not be reviewed by this court, absent abuse of discretion or error of law.
The husband, a senior partner in a New York City law firm with a lucrative practice, has lived apart from his wife since 1971. They had married in 1946, and thereafter lived together continuously until 1959, and then with two separations until 1971. They had three daughters by the marriage. The eldest daughter suffered a tragic death in 1969 at the age of 22. Two twin daughters, aged 21 at the time of the trial, live with their mother at the marital residence in Sands Point, New York. At time of trial in 1972, the husband was aged 62, and his wife 51.
The cruelty charged by the husband is that his wife, in the presence of children, friends, relatives, and business associates, made false and embarrassing accusations of infidelity and illicit activities on his part. The wife denied the charges; the trial court commented that they were not bolstered by the testimony of witnesses who heard the accusations. In its opinion, the trial court observed that the wife had been “ uncooperative, stubborn, unfair, unreasonable and irrational in her treatment of *409 the plaintiff.” Nevertheless, the trial court found neither danger to the husband’s physical or mental well-being under what it termed the “ severe requirements ” of Rios v. Rios (34 A D 2d 325, affd. 29 N Y 2d 840) nor even the partial corroboration present in Berlin v. Berlin (64 Misc 2d 352, mod. on other grounds 36 A D 2d 763) which applied an “ extreme liberal theory ”.
In this court, the husband argues that the lower courts, in denying him a divorce or separation, erroneously felt constrained by the majority opinion in the Rios case (supra), at the Appellate Division. As noted above, the Trial Judge was also cognizant of the Berlin rationale and held that plaintiff had failed to meet even that very “ liberal ” standard.
Prior to the reforms in the matrimonial laws in 1966, cruel and inhuman treatment had been a ground for legal separation only, adultery being the sole ground for divorce in this State. Subdivisions 1 and 2 of former section 200 of the Domestic Relations Law allowed separation for: “ 1. The cruel and inhuman treatment of the plaintiff by the defendant ” or “2. Such conduct on the part of the defendant towards the plaintiff as may render it unsafe and improper for the latter to cohabit with the former.” These provisions were narrowly construed by the courts, and the separation granted only where the complaining spouse proved both physical or mental injury and endangerment in cohabitation (see Smith v. Smith, 273 N. Y. 380, 383-384; Pearson v. Pearson, 230 N. Y. 141, 146; Traylor v. Traylor, 3 A D 2d 727; Avdoyan v. Avdoyan, 265 App. Div. 763, 766).
One of the five grounds for divorce added in 1966 was “ (1) The cruel and inhuman treatment of the plaintiff by the defendant such that the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant.” Superficially, subdivision 1 of section 170 appears to be a straightforward merger of the two earlier quoted bases for legal separation. The Appellate Division majority in the Rios case concluded that “ [T]he measure of proof to sustain a divorce on the ground of cruel and inhuman treatment is no less than that required for a separation [citation omitted] ” (Rios v. Rios, 34 A D 2d, at p. 326). The new divorce provi *410 sioh, however, is different from the earlier language authorizing a separation. The conjunction ‘1 and ” is replaced by “ or ” to read ‘ ‘ unsafe or improper ’ ’. Under the new law, then, conduct endangering mental well-being by making cohabitation “ improper”, though not necessarily “ unsafe ”, is a ground for divorce;
As the polar alternative to the majority position in Rios, it has been suggested that subdivision 1 of section 170 encompasses divorce for incompatibility where the marriage relationship appears hopelessly destroyed (see Rios v. Rios, 34 A D 2d, at pp. 327-328 [dissenting opn. per Markewich, J.]; cf. Gleason v. Gleason, 26 N Y 2d 28, 39). It is interesting that, since 1970, a number of States have recognized grounds for divorce on the “ no-fault ” theory of “ irreconcilable differences ” leading to “ irremediable breakdown ” (see, e.g., Cal. Civ. Code, § 4506, subd. [1]; Ore. Rev. Stat., § 107.025; see, also, Fla. Stat. Ann., § 61.052; Iowa Code Ann., § 598.17; N. D. Cent. Code, § 14-05-03, subd. 8). In each instance, however, this occurred by legislative change father than by a judicial construction of a “ cruel and inhuman treatment” standard. In New York, plainly, the legislative intention is to the contrary. The strong “ cruel and inhuman ” terminology, as well as the arrangement of fault and no-fault grounds in the section, suggest that the New York Legislature retained a “ fault ” standard, except, of course, where it provided for divorce after a separation by judgment or agreement. Doubtlessly, then, it was intended that marital misconduct to constitute cruel and inhuman treatment be distinguished from mere incompatibility, and that serious misconduct be distinguished from trivial (see 1 Foster & Freed, Law and The Family, New York, § 6.11, p. 290).
Moreover, and perhaps most important, the Legislature could not have intended so broad an application of the cruel and inhuman treatment ground where its effect would be to deprive a defendant wife of support. Under section 236 of the Domestic Relations Law, a divorce granted on the basis of the wife’s “ misconduct ” will deprive the wife of both her rights to alimony and the exclusive occupation of the marital residence. Given the broad terminology of section 236, it appears to encompass a divorce or separation predicated on ‘ ‘ cruel and inhuman treatment ”, (see Math v. Math, 39 A D 2d 583, affd. 31 N Y 2d *411 693; Votta v. Votta, 40 A D 2d 532). In many cases, as in the present one, the plaintiff husband may be willing to waive his rights under section 236, in return for a divorce. Nevertheless, the statute must be read for what it would mean in the absence of such a waiver (cf., e.g., Hammer v. Hammer, 34 N Y 2d 545, decided simultaneously herewith).
Thus, while the Appellate Division opinion in the Bios case relied on the old rather restrictive cases, this court in affirming without opinion did not indorse precisely the rationale implied from those citations (see Cohen & Karger, Powers of the N. Y. Court of Appeals, p. 31, n. 52 and cases cited). On the other hand, the application of the cruel and inhuman treatment ground to every “ dead marriage ” would also seem unwarranted. The correct view would seem to lie somewhere in between, with the courts below permitted to exercise a broad discretion in balancing the several factors in each case (see, e.g., Berlin v. Berlin, 64 Misc 2d 352, 356, mod. on other grounds 36 A D 2d 763, supra). In fixing alimony awards, the courts have for many years now balanced significant aspects of the marital relation: “ the financial status of the respective parties, their age, health, necessities and obligations, their station in life, the duration and nature of the marriage, and the conduct of the parties [citations omitted] ” (Phillips v. Phillips, 1 A D 2d 393, 398, affd. 2 N Y 2d 742). Undoubtedly, a similar weighing of circumstances is relevant in determining the degree, scope and probable effect of misconduct between spouses. An appearance of misconduct, which in a matured marriage might fail to justify a finding of substantial misconduct, but only of transient discord, may in a newer marriage justify or even compel an inference of substantial misconduct.
Objective proof of physical or mental injury to the complaining spouse would certainly be a decisive basis for granting the divorce, but is not a prerequisite. Among the factors that the courts may properly consider are the respective ages of the husband and wife and the duration of their marriage. Unfortunately, in many instances, the deleterious effects of the aging process on the physical and mental disposition of spouses will inevitably create problems in an otherwise long and happy marriage. Similar problems may occur because of changes in the family situation, as with the departure of grown children, *412 family tragedies, economic disasters, and the other untoward events from which no life is ever free. In such cases it would seem entirely proper that the court give heed to the admonition and interest in ‘1 for better or worse ” (cf., e.g., Hammer v. Hammer, 34 N Y 2d 545, supra, decided simultaneously herewith).
Of course, special weight must be given to the consequences of section 236 if a divorce is to be granted for cruel and inhuman treatment. Needless to say, the loss of support for the wife may be particularly inappropriate in the case of a dependent older woman. Indeed, unless the Legislature sees fit to limit the scope of section 236 to bar support only for grevious forms of misconduct, the effect on the right to support must continue to be an influential factor, as a matter of legislative interpretation, in determining the meaning of section 170 (see 1 Foster & Freed, op. cit., § 6:11, pp. 291-294).
Given the age of the spouses and the duration of their marriage, and the absence of sufficient physical or mental injury or wanton conduct, the denial of a divorce to the husband by the courts below was a proper exercise of discretion.
Finally, the Appellate Division’s modification of the alimony award was not so gross or excessive as to constitute an abusé of discretion (see Kover v. Kover, 29 N Y 2d 408, 415, n. 2, 417). Nor was it predicated on an error of law (see Trippe v. Trippe, 19 N Y 2d 944). This court will not therefore review its propriety. Moreover, to the extent the wife purports to appeal from the Appellate Division modification increasing the alimony award, she is not aggrieved and the appeal must be dismissed (see OPLR 5601, subd. [a]).
Accordingly, the cross appeal of the wife should be dismissed and, on the appeal of the husband, the order of the Appellate Division should be affirmed, without costs.
Judges Jasen, Gabrielli, Jones, Wachtler, Rabin and Stevens concur.
On plaintiff’s appeal: Order affirmed, without costs.
On defendant’s appeal: Appeal dismissed, without costs, upon the ground that defendant is not aggrieved by the modification at the Appellate Division (OPLR 5601, subd. [a], par. [iii]).