■ LISA ECHEVARRIA, Appellant, v AURELLIO ECHEVARRIA, Respondent.
—In an action for divorce, plaintiff appeals from an order of the Supreme Court, Kings County, dated November 13, 1974, in favor of defendant upon the trial court's dismissal of the complaint at the close of plaintiff's case, at

a nonjury trial. Order affirmed, without costs. No opinion. Latham, Acting P. J., Cohalan, Brennan and Munder, JJ., concur; Christ, J., dissents and votes to reverse the order and to grant a new trial, with the following memorandum: In this matrimonial action, the wife sued for a divorce upon the ground of cruel and inhuman treatment. Her testimony at the trial indicated that her husband "beat" her twice over the course of four years. The most recent beating caused her to seek an order of protection from the Family Court, which was granted, and to vacate the marital abode. Plaintiff further testified that she was "very scared" of her husband and that he made her very nervous. The trial court, at the conclusion of the wife's case, notwithstanding this evidence, dismissed the complaint and stated that: "as a matter of law, that while it is despicable for a husband to strike his wife even once, that if a husband beats a wife two times and there is a hiatus of four years between each beating that is not sufficient ground for a judgment of divorce." The Trial Justice, in explaining his decision, stated that plaintiff might have grounds for divorce based upon a "constructive abandonment because she had to flee the premises for her life and obtain an order of protection, but [her] action does not accrue until there was a year that passed." Actual physical abuse is to be distinguished from those disruptive marital conflicts which involve personality differences, verbal abuse and arguments. Such matrimonial discord may require careful examination to determine where the fault lies, but a wife is certainly not required to submit to a repetition of physical assaults. Chief Judge Breitel recently wrote that "Objective proof of physical or mental injury to the complaining spouse would certainly be a decisive basis for granting the divorce, but is not a prerequisite" (Hessen v Hessen, 33 NY2d 406, 411). One beating may provide the ground for a divorce as the statute simply provides that cruel and inhuman treatment is that "conduct of the defendant [which] so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant" (Domestic Relations Law, § 170, subd [1]). Since the Trial Justice dismissed the complaint at the conclusion of the wife's case, her proof must be taken in a light most favorable to her; the record shows that the husband beat the wife twice in four years. After the last beating she received an order of protection from the Family Court and vacated the marital abode. She continues to reside with her parents and is fearful of the husband. In my opinion, these facts are sufficient to show conduct by the husband which endangers the wife's physical and mental well-being and renders it unsafe or improper for her to cohabit with him. The Trial Justice's statement that although a divorce may not now be granted, perhaps after one year she may be successful on the theory of abandonment, since she was forced to flee the marital home for her safety, is significant. Since the wife apparently is in jeopardy now, she should receive the divorce immediately, if her testimony is not overcome by that of defendant or his witnesses; she should not be required to wait one year for an alternative cause of action to mature.