■ Barkat U. Khan, Appellant, v Surraya Khan, Respondent.—Judgment unanimously affirmed, with costs. Memorandum: Plaintiff sued for divorce on the dual grounds of cruel and inhuman treatment and abandonment. Defendant counterclaimed for the same relief solely on the ground of cruel and inhuman treatment, seeking also alimony and counsel fees. The trial court dismissed both of plaintiff's causes of action and granted judgment to defendant, awarding her alimony of $150 per week and additional counsel fees of $4,000. In this appeal plaintiff contends that the court's verdict was contrary to law and against the weight of the evidence; that the award of alimony and counsel fees was excessive, and that the trial court committed reversible error in receiving hearsay testimony. Reference was made at trial to a woman named Elizabeth whose photograph with defendant was received in evidence. Defendant testified that Elizabeth came to the marital residence while plaintiff was not present. She further stated, over objection, that Elizabeth told her that plaintiff loved Elizabeth; that Elizabeth lived at the marital residence while defendant was in Pakistan; that plaintiff had promised Elizabeth a car and that plaintiff had given Elizabeth defendant's clothes. Plaintiff argues that such testimony was inadmissible and formed a basis for the court's findings on the gravamen of the various causes of action. We find that the testimony was properly received when viewed in connection with the peculiar and turbulent history of this marriage from its ceremony by proxy in Pakistan in 1965 (while plaintiff was in the United States), through multiple conflicts and informal separations, until defendant finally moved to California where she now resides. The defendant had observed ample evidence that another woman had lived with plaintiff in the marital residence in defendant's absence. She discovered the photograph showing Elizabeth standing close to plaintiff outside of his car

holding her arm through his and this, coupled with Elizabeth's other unexpected visits to the marital residence, and plaintiff's total failure to explain her identity and his relationship with her, made defendant's state of mind relevant and material to the issues before the court. Such statements are received not as testimonial assertions of truth *(Ferrara v Galluchio,* 5 NY2d 16; Richardson, Evidence [10th ed], § 203), but rather to prove the mental state of the hearer *(Barbagallo v Americana Corp.,* 25 NY2d 655). Defendant's state of mind was relevant in her cause of action grounded on cruel and inhuman treatment and on plaintiff's cause of action alleging abandonment. In that light, the testimony was not hearsay. *(Matter of Bergstein v Board of Educ., Union Free School Dist. No. 1 of Towns of Ossining, New Castle & Yorktown,* 34 NY2d 318, 324.) Plaintiff's proof, standing alone, would justify a judgment in his favor on the grounds of cruel and inhuman treatment under the standards established in *Hessen v Hessen,* (33 NY2d 406). At trial, however, defendant in substantial measure either denied or explained plaintiff's allegations. Resolution of such conflicting factual assertions rests primarily on the credibility of the parties and witnesses, and the trial court as fact finder is best able to resolve those issues. Similarly, the same rationale applies to defendant's counterclaim. Her proof was sufficient to justify the relief sought if believed by the trier of fact. While the record on plaintiff's claim of abandonment shows that defendant had been away from the marital residence for more than the one-year period required by subdivision (2) of section 170 of the Domestic Relations Law, the evidence fairly could be interpreted as showing plaintiff's consent to her absence and his consent to her attendance at school in California. Thus, the court did not abuse its discretion in dismissing plaintiff's cause of action on this ground. It was also proper for the court to consider defendant's need, in all the circumstances, for continuing support. Had plaintiff been successful at trial, the defendant would have been deprived of alimony (Domestic Relations Law, § 236). We are told in *Hessen v Hessen (supra* p 412), that "special weight must be given to the consequences of section 236 if a divorce is to be granted for cruel and inhuman treatment." In the circumstances before us, where plaintiff's income is substantial, defendant's need is great and her right to continued support is established by proper standards, the award of $150 per week alimony to defendant should not be disturbed. There is nothing before us to indicate that the award of counsel fees was excessive. (Appeal from judgment of Erie Supreme Court in divorce action.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.