■ BERND R. SCHWARZ, Appellant, v GRETTA SCHWARZ, Respondent.— Judgment, Supreme Court, New York County, entered October 26, 1977, dismissing the plaintiff's complaint and granting a judgment of divorce to the defendant on her counterclaim and awarding her support and counsel fees is affirmed, without costs and without disbursements. The parties were married in 1966 and have no children. They are both apparently heavy drinkers, and over the past several years this has resulted in violent domestic discord frequently requiring the intervention of the police to bring it to a halt. The parties have been apart since January, 1975 when plaintiff, allegedly, in the interests of his own personal safety, packed his belongings and left. The husband commenced an action for divorce alleging cruel and inhuman treatment. The wife counterclaimed, also alleging cruel and inhuman treatment and abandonment. After trial, the wife was granted a judgment of divorce on the grounds of abandonment. The wife is a secretary with a gross income of $200 per week. The husband, a member of the Bartenders Union, was employed as a bartender with a gross income of $225 per week, but has been unemployed since July, 1977. For a brief period after the abandonment, the husband paid the wife $50 per week pursuant to an agreement reached in a Family Court proceeding. The financial data filed pursuant to the rules of this court showed the wife has no assets; that she owes medical and personal bills totaling $1,850 and that her recurrent expenses are $224.50 per week. At first blush it might appear that an award of alimony in the amount of $10 per week from an unemployed bartender is a mere symbolic gesture. However, section 236 of the Domestic Relations Law is clear that "the court may direct the husband to provide suitably for the support of the wife as, in the court's discretion, justice requires, having regard to the length of time of the marriage, the ability of the wife to be self supporting, the circumstances of the case and the respective parties." The statute takes into consideration, in granting discretion, the fact that the trial court has an opportunity to explore fully the circumstances of the case through documentary evidence and testimony. This discretion involves balancing the various aspects of the marital relationship (see *Tornese v Tornese,* 55 AD2d 602), and was properly exercised. The dismissal of the plaintiff's complaint was also in the proper exercise of discretion (see *Hessen v Hessen,* 33 NY2d 406). Concur—Evans, Fein and Lynch, JJ.; Silverman, J. P., and Sandler, J., dissent in part in the following memorandum by Silverman, J. P.: We would modify the judgment appealed from so as to eliminate the provision for payment by the husband of $10 per week toward the wife's support. The parties were married for 10 years. They have no children. The marriage was marked by violent disagreements, physical fights and physical injuries on both sides. The wife is employed full time as a legal secretary, earning at least $200 per week. The husband, a bartender, earns about $225 per week when employed. He was unemployed between July, 1976 and January, 1977 and again from July, 1977 at least until the trial some months later; when unemployed he receives unemployment insurance—presumably $95 per week. The wife's needs cannot be measured to within $10 per week. In the circumstances, the award of $10 per week for the wife's support is merely a symbolic affirmation that the husband is under a duty to support the wife regardless of their relative means and

earnings. This is not required as a matter of law; and can only serve as a uselessly exacerbating continuation of the relationship.