OPINION OF THE COURT
Richard F. Kuhnen, J.
Plaintiff wife brings this action for a divorce on the grounds *867 of cruelty. Defendant husband counterclaims for divorce on the same grounds.
The parties were married in Chicago on August 31, 1969, but subsequently moved to Broome County, New York State, where they resided, although separately, at the time of the commencement of the action. They have three children ages ten, eight and four.
The mutual recriminations testified to on the trial indicate a marriage subject to such friction that the parties separated early in July, 1978 and signed a written separation agreement on July 17, 1978. The arguments which preceded the separation involved their automobile, custody of the children, phone calls to each at their places of work, use of foul language, the wife’s cooking and care of the children and of the house, a visit by the wife to her sister in Ohio, unannounced in advance to defendant, and several alleged instances of intoxication of the wife in 1978 just prior to the separation.
Marriage counseling has been attempted without success and the marriage is apparently beyond repair. However, New York, unlike many other States, has not yet made the irreversible breakdown of a marriage one of the grounds for a divorce. Only in cases where a divorce is based on a separation decree or agreement has there been "legislative recognition that it is socially and morally undesirable to compel couples to a dead marriage to retain an illusory and deceptive status and that the best interests not only of the parties but of society itself will be furthered by enabling them 'to extricate themselves from a perpetual state of marital limbo.’ (Adelman v. Adelman, 58 Misc 2d 803, 805; see, also, Wadlington, Divorce Without Fault Without Perjury, 52 Va. L. Rev. 32, 81-87.)” (Gleason v Gleason, 26 NY2d 28, 35-36).
The acts complained of here, as a matter of presently existing law, do not appear to the court to amount to cruel and inhuman treatment such as to endanger the physical or mental well-being of either party so as to render cohabitation unsafe or improper. (Domestic Relations Law, § 170, subd [1].) According to our highest court, the law requires "that marital misconduct to constitute cruel and inhuman treatment be distinguished from mere incompatibility” (Hessen v Hessen, 33 NY2d 406, 410).
A divorce on the grounds sought is therefore denied to both parties.
It is apparent, however, that a valid ground for a divorce *868 may be available to both parties under subdivision (6) of section 170 of the Domestic Relations Law as the parties have lived separate and apart for over a year pursuant to a written separation agreement. It would have been preferable if this action had been brought on that ground since the result sought would not only be the same, but also would have the added advantage of not imputing fault to either party (unless that is what they desire).
A divorce under subdivision (6) of section 170 may therefore be granted to either party, if he or she desires, by submitting to the court a proposed judgment, upon notice, with a request to amend the pleadings to conform to the proof.