■ CELESTE W. TRIPI, Appellant-Respondent, v JOHN R. TRIPI, Respondent-Appellant. (Action No. 1.) JOHN R. TRIPI, Respondent-Appellant, v CELESTE W. TRIPI, Also Known as CELESTE WEITZ, Individually and as an Officer of Ransom Enterprises, Inc., et al., Appellants-Respondents. (Action No. 2.) — Judgment unanimously reversed, on the law and facts, without costs, counterclaim dismissed, judgment of divorce granted in favor of plaintiff against defendant, and matter remitted to Supreme Court, Erie County, for further proceedings, all in accordance with the following memorandum: After a nonjury trial, the court dismissed the plaintiff's action for divorce and granted judgment to the defendant, husband, on his counterclaim dissolving the marriage on the ground of cruel and inhuman treatment and awarding equitable distribution of the marital property. The wife appeals from the judgment contending that the evidence presented by her husband does not warrant a finding of cruel and inhuman conduct by her. She further contends that it was error, based on the evidence adduced at the trial, for the court to dismiss her action based on her husband's cruel and inhuman treatment. The parties were married in 1953 and have four children by the marriage, a married daughter living away from home, and three sons, ages 23, 22 and 15, living at the marital residence with the wife. The record shows that, although there were periods of discord throughout the marriage, in the five years preceding the commencement of the action the relations between the parties

had deteriorated to the point where the wife's mental and physical well-being was placed in jeopardy. Within that five-year period, the husband, who had a violent temper which at times became uncontrollable, repeatedly threatened his wife and other family members with physical harm. The husband admitted that he often threatened his family, but explained that his "threats" were merely a way of expressing himself and were not taken seriously by the other family members. The record establishes, however, that within the period in question, the husband twisted his wife's arm behind her back, threw objects in the house with such force that they dented the woodwork, threw a match in the wastebasket and tried to set the house on fire, and on August 4, 1979, became involved in a major altercation with his son which resulted in the police being called and the husband leaving the marital residence. During the August 4, 1979 incident, the husband became enraged, losing all self-control, over a minor misunderstanding concerning a chalkbox. The husband struck the wife while she attempted to separate her son and husband to prevent them from fighting. During the fight, the husband punched his son and the son pinned him to the floor. When released, the husband attacked his son with a crowbar which the son wrested away. The husband then chased his son around the house and yard with a billy club. When his wife attempted to call the police, he threatened to kill her, and he grabbed the phone out of her hands and pulled the jack out of the wall. The husband then picked up another crowbar and went to the garage where he smashed the window of his son's car. The son retaliated by smashing the window in his father's car. The husband, crowbar in hand, again chased his son and when the son tripped, the husband stood over him wielding the crowbar. Fortunately, the police arrived and disarmed the husband and placed him in handcuffs. While an isolated act of violence may not, in and of itself, warrant a judgment of divorce based on cruel and inhuman treatment, such an act coupled with other acts of cruelty may constitute ample proof of cruel and inhuman treatment (*Stauble v Stauble,* 72 AD2d 581). Here, the husband's violent outburst in August, 1979, combined with his repeated threats of physical harm and other acts of violence within the five years preceding the commencement of the action, established conduct of such character as to render it unsafe and improper for the wife to cohabit with the defendant (*Rios v Rios,* 34 AD2d 325). Although the trial court found that the wife's refusal to let her husband back into the marital residence after the August 4, 1979 incident was sufficient to constitute cruel and inhuman treatment of the husband, we find that the wife's actions were justified in view of the husband's previous conduct (see *Passantino v Passantino,* 87 AD2d 973). We, therefore, reverse the judgment of divorce in favor of the husband and, based upon the husband's acts of cruel and inhuman treatment, we grant a judgment of divorce in favor of the wife, with custody of the minor child to the wife. Since the wife's action preceded the effective date of the Equitable Distribution Law (Domestic Relations Law, § 236, part B), the husband's demand for equitable distribution of the marital property must be denied (see *Valladares v Valladares,* 55 NY2d 388). Since the Trial Judge improperly awarded equitable distribution of the marital property, he found it unnecessary to determine the husband's action for a constructive trust of certain property held by the wife and for determination of the ownership of corporations formed by the husband. We remit that action to the trial court for determination, and for the receipt of any further evidence the court deems necessary. Following the determination of that action, the court should consider the questions of alimony and support for the minor child of the marriage, if appropriate. (Appeals from judgment of Supreme Court, Erie County, Hannigan, J. — divorce.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.