OPINION OF THE COURT
Chief Judge Wachtler.
Plaintiff Edward Brady has brought this matrimonial action against his wife, defendant Dorothy Brady, seeking a divorce and sale of the marital residence. The complaint alleged, as grounds for obtaining a divorce, that Mrs. Brady committed acts constituting cruel and inhuman treatment and constructively abandoned plaintiff by refusing to engage in sexual relations with him (see, Domestic Relations Law § 170). The question presented is what conduct constitutes cruel and inhuman treatment in a “long-term” marriage so as to give rise to a cause of action for divorce. More specifically, we must determine whether the principles set forth in Hessen v Hessen (33 NY2d 406), with respect to the necessary showing of cruel and inh u-man treatment in a long-term marriage, are still to be followed.
The parties were married in 1956 and have four children, who were born between 1957 and 1966. From May 1977 to September 1979, Mr. Brady lived in the marital residence on an infrequent basis and since September or October 1979 he has not resided there at all. Mr. Brady commenced this action for a divorce in 1981. His verified complaint set forth two causes of action, one for constructive abandonment and the other for cruel and inhuman treatment. Among the allegations relating to the claim of cruel and inhuman treatment were that Mrs. Brady, during 1976, struck him with objects, including a lamp and a vase, threatened him with a knife, attempted to choke him and frequently berated him. Her answer denied all of these allegations and set forth counterclaims for maintenance and child support, but not for a judgment of divorce.
*343 At trial, plaintiff, with minimal corroboration, testified to the allegations in the complaint. Mrs. Brady, supported in much of her testimony by one of the Brady children, again denied the charges of constructive abandonment and cruel and inhuman treatment, and stated that she did not seek a divorce. The trial court, although apparently rejecting most of plaintiff’s specific claims of cruel and inhuman treatment, granted him a divorce on that cause of action. The court termed the marriage a “dead” one, and concluded that based on the marital breakdown and the separation of the parties further cohabitation was improper. The court also awarded custody of the remaining infant child to Mrs. Brady, granted her exclusive use and occupancy of the marital residence until the emancipation of this child, at which time the residence would be sold, provided for the distribution of other marital property, and ordered plaintiff to make payments to her for maintenance and child support.
The Appellate Division unanimously modified the trial court judgment. The court found that plaintiff had not made out a cause of action for divorce based on cruel and inhuman treatment, and thus deleted the portions of the judgment granting plaintiff a divorce and ordering the sale of the marital residence upon the emancipation of the remaining infant child. We now affirm.
Prior to the 1966 amendments to the Domestic Relations Law, the sole ground for divorce in this State was adultery. The 1966 reforms added five additional grounds, one of which was, and remains, “The cruel and inhuman treatment of the plaintiff by the defendant such that the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant” (Domestic Relations Law § 170 [1], added by L 1966, ch 254).
In Hessen v Hessen (33 NY2d 406, supra), we held that a plaintiff seeking a divorce under the cruel and inhuman treatment subdivision must show serious misconduct, and not mere incompatibility. Subsequent cases have established thát a plaintiff, relying on this subdivision, must generally show a course of conduct by the defendant spouse which is harmful to the physical or mental health of the plaintiff and makes cohabitation unsafe or improper (Forcucci v Forcucci, 96 AD2d 751; Kennedy v Kennedy, 91 AD2d 1200; Warguleski v Warguleski, 79 AD2d 1107). The subdivision requires a finding of fault and thus a showing of irreconcilable or irremediable differences is insufficient by itself (De Felice v De Felice, 92 AD2d 1044; Warguleski v Warguleski, supra; Filippi v Filippi, 53 AD2d 658).
*344 In Hessen, we also noted that the determination of whether conduct, constituted cruel and inhuman treatment would depend, in part, on the length of the parties’ marriage, because what might be considered substantial misconduct in the context of a marriage of short duration, might only be “transient discord” in that of a long-term marriage (Hessen v Hessen, 33 NY2d 406, 411, supra). Thus, courts in this State have required a high degree of proof of cruel and inhuman treatment where there is a marriage of long duration and an isolated act of mistreatment will rarely suffice (see, Wilkins v Wilkins, 91 AD2d 771; Wald v Wald, 70 AD2d 936; Filippi v Filippi, 53 AD2d 658, supra).
At the time the Hessen case was decided, only a wife was able to collect alimony following a divorce. If, however, her “misconduct” entitled the husband to obtain a divorce on a ground such as cruel and inhuman treatment, she was precluded under Domestic Relations Law § 236 from receiving alimony or exclusive possession of the marital home (Hessen v Hessen, supra, pp 410-411; Barry v Barry, 93 AD2d 797).[1] Thus, the effect of granting a husband a divorce on the ground of his wife’s cruel and inhuman treatment was a potential financial catastrophe to the wife. In Hessen, we noted that this negative effect could be particularly harmful where the defendant, as was the case therein, was a “dependent older woman” (Hessen v Hessen, supra, p 412), and this fact served as one of the bases for requiring a higher degree of proof of cruel and inhuman trea tment in a long-term marriage.
In 1980, the Equitable Distribution Law was enacted and Domestic Relations Law § 236 was amended to provide, in part, that either spouse could be required to pay alimony (“maintenance”), and to eliminate the rule that misconduct by a spouse precludes receiving an award of alimony or exclusive possession of the marital home. The change with respect to the person who could be required to pay alimony was constitutionally required in light of the Supreme Court’s 1979 decision in Orr v Orr (440 US 268), which held that the Alabama statutory scheme which imposed alimony obligations on husbands only violated the equal protection clause of the 14th Amendment to the United States Constitution. Plaintiff argues that the Hessen rule, as to long-term marriages, was designed to protect only women ard thus can no longer be followed in view of the Orr decision. He *345 also argues that there is no longer any reason to require a higher showing of misconduct in a long-term marriage as the spouse against whom the divorce is granted can receive alimony payments and exclusive possession of the marital home, and thus there is no danger that granting a divorce will be financially ruinous to a “dependent older woman”.
If the evidentiary requirement set forth in Hessen with respect to marriages of long duration were applied only where the plaintiff was the husband, then there would likely be an equal protection violation. Hessen, however, has been (see, e.g., Filippi v Filippi, 53 AD2d 658, supra) and should be followed whether the plaintiff is the husband or the wife. Thus, plaintiff’s constitutional argument is without merit. Plaintiff’s contention that the rationale for the Hessen rule has been eliminated by the 1980 amendments to Domestic Relations Law § 236 is also unconvincing. That financial problems could have faced a middle aged woman against whom a cruelty divorce was granted was merely one of the bases for requiring a higher degree of proof of cruel and inhuman treatment in a long-term marriage. The fundamental reason for such a rule was, and remains, the commonsense notion that the conduct which a plaintiff alleges as the basis for a cause of action must be viewed in the context of the entire marriage, including its duration, in deciding whether particular actions can properly be labeled as cruel and inhuman.
Therefore, we reaffirm the holding in Hessen that whether a plaintiff has established a cause of action for a cruelty divorce will depend, in part, on the duration of the marriage in issue. The existence of a long-term marriage does not, of course, serve as an absolute bar to the granting of a divorce for cruel and inhuman treatment, and even in such a marriage “substantial misconduct” might consist of one violent episode such as a severe beating (cf. Echevarria v Echevarria, 40 NY2d 262; Tripi v Tripi, 94 AD2d 944).
It is not clear which, if any, of plaintiff’s allegations were credited by the trial court. The trial court did conclude that plaintiff had not made a sufficient showing of cruel and inhuman treatment under Hessen in view of the duration of the marriage (26 years), but concluded that “the [Hessen] rule must be considered as no longer retaining its authority”. The court went on to find that the Bradys’ marriage was a “dead” one, and, “in its discretion”, granted Mr. Brady a divorce on his cause of action for cruel and inhuman treatment. While the trial court does have broad discretion as to whether to grant a cruelty divorce (see, e.g., Forcucci v Forcucci, 96 AD2d 751, supra), such *346 a divorce cannot be granted simply because the court concludes that there is a “dead marriage” (Warguleski v Warguleski, 79 AD2d 1107, supra; Viczian v Viczian, 64 AD2d 593).[2]
The Appellate Division also found that plaintiff made an insufficient showing under Hessen and that most of his allegations were not proven. The Appellate Division properly applied the principles set forth in Hessen and, accordingly, the order of that court should be affirmed, with costs.
Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
Order affirmed, with costs.

. The only exception to this rule was where the plaintiff had waived his rights under that provision of the Domestic Relations Law and authorized the trial court to make such awards (Hessen v Hessen, 33 NY2d 406, 411; Barry v Barry, 93 AD2d 797).

. Nor can the trial court grant a divorce based on a finding of a “dead marriage” as an act of discretion apart from the statutory ground of cruel and inhuman treatment, as the jurisdiction to grant a divorce is purely statutory (Pajak v Pajak, 56 NY2d 394, 396).