■ STEVEN W. MELNICK, Appellant, v ANN MELNICK, Respondent.—Order of the Supreme Court, New York County (Hortense W. Gabel, J.), entered on October 11, 1984, granting defendant's motion for an order dismissing the complaint for failure to state a cause of action, is unanimously reversed, on the law, without costs, and the motion by defendant denied.

The complaint in this action seeks a divorce based upon cruel and inhuman treatment within the contemplation of the Domestic Relations Law § 170 (1).

The parties were married in 1966, almost 20 years ago. After joinder of issue, defendant moved for summary judgment and for dismissal of the complaint for failure to state a cause of action. That branch of the motion which sought summary judgment was not addressed in the court's decision and no error is asserted on appeal from the implicit denial of summary judgment. By its decision, Special Term held that the allegations of the complaint failed to show that defendant's conduct during the marriage constituted anything more than mere incompatibility or temporary marital discord, when measured against its long duration.

The complaint alleges that on October 2, 1979, defendant, without provocation, repeatedly struck plaintiff and vilified him; that on October 3, 1979, she threw garbage and a glass bottle at plaintiff's head, narrowly missing him; that on October 5, 1979, in the presence of their eight-year-old child, she threw a glass at plaintiff, broke a dish, and screamed in abusive language; that on other occasions, she screamed obscenities at plaintiff and slammed a door on his arm; and that on May 23, 1980, she locked plaintiff out of the marital

apartment. The complaint also alleges, in general language, that defendant engaged in tantrums, acted with hostility toward plaintiff, and repeatedly demanded a divorce.

On a motion to dismiss for failure to state a cause of action, it is axiomatic that the allegations contained in the pleading will be deemed to be true and that the pleader is entitled to every favorable inference that might be drawn from the pleading *(Cohn v Lionel Corp.,* 21 NY2d 559, 562).

Concededly, "[s]trained and even antagonistic relations between the parties do not alone justify a judgment of separation" or, as is relevant here, a judgment of divorce *(Lind v Lind,* 89 AD2d 518, *affd* 58 NY2d 965). In *Lind,* the "trivial allegations" of physical abuse, such as pouring a can of soda over plaintiff's head or striking him on the head with an envelope, were held not to "rise to the dignity of a cause of action for separation or divorce grounded on cruel and inhuman treatment." *(Lind, supra,* p 519.) The complaint must set forth facts alleging serious misconduct rendering cohabitation unsafe or improper *(cf. Echevarria v Echevarria,* 40 NY2d 262, 264).

Moreover, in a marriage of such long duration, the length of the marriage is a factor to be weighed in determining whether substantial misconduct, as opposed to "transient discord," exists *(see, Hessen v Hessen,* 33 NY2d 406, 411; *see also, Brady v Brady,* 64 NY2d 339, 343-344).

The allegations of the complaint in this case, however, set forth four incidents of physical abuse. It is true that plaintiff has not claimed hospitalization following these incidents or that an order of protection was obtained. It is clear that the physical abuse here did not rise to the level of serious and prolonged beating, as existed in *Echevarria (supra).*

Nevertheless, the allegations of physical and mental abuse are sufficient to state a cause of action *(see, Sandhu v Sandhu,* 60 NY2d 866, where the wrongful conduct included the wife's slapping plaintiff, throwing objects and pouring hot tea on plaintiff, and was held to sufficiently establish a cause of action for divorce on the ground of cruel and inhuman treatment).

Even in view of the long duration of this marriage, the acts complained of were not mere trivial occurrences. The allegations of physical abuse, and of emotional abuse, if proven, would constitute serious misconduct and not mere incompatibility *(Brady v Brady, supra; Hessen v Hessen, supra)* and the complaint, therefore, states a cause of action for divorce based

upon cruel and inhuman treatment. Concur—Kupferman, J. P., Asch, Fein, Milonas and Rosenberger, JJ.