■ JOAN M. DUNNELLS, Respondent, v LELAND K. DUNNELLS, JR., Appellant.—Mikoll, J. Appeal (1) from an order of the Supreme Court at Trial Term (Crangle, J.), entered December 28, 1984 in Fulton County, which, *inter alia,* granted plaintiff's motion to set aside a verdict in favor of defendant, and (2) from a judgment of said court, entered December 28, 1984 in Fulton County, which awarded plaintiff costs in the action.

Plaintiff sued defendant for a separation and defendant counterclaimed for divorce on grounds of cruel and inhuman treatment and abandonment. Plaintiff withdrew her action and the matter proceeded to trial by jury on defendant's counterclaims. The jury returned a unanimous verdict for defendant on both grounds. The verdict was set aside on plaintiff's motion as being against the weight of evidence and a judgment of no cause of action was granted to plaintiff.

There should be an affirmance. The record is bereft of evidence supporting defendant's contention. Plaintiff and defendant have been married for 32 years and have three grown children. The cruel and inhuman treatment complained of consisted of plaintiff's ordering defendant to leave their marital abode after an argument focusing on plaintiff's suspicions about defendant's relationship with another woman and her accusations of infidelity. Defendant contended that plaintiff's diatribes so upset him as to cause emotional disturbance, loss of weight and inability to sleep. The record discloses that plaintiff requested defendant to return to their home shortly after ordering him out, that he resumed sexual relations with her, spent considerable time at the home, but continued to sleep at their son's home and, later, in his own apartment.

The evidence fails to rise to the level of proof required for cruel and inhuman treatment *(see, Brady v Brady,* 64 NY2d 339; *Hessen v Hessen,* 33 NY2d 406). The marital strife was not extreme and certainly not of such character to affect or

impair defendant's health. The length of the marriage also affects the quality of the evidence (id.). By defendant's own admission, plaintiff had cause for concern over defendant's attentiveness to another woman. The record also fails to prove abandonment of defendant by plaintiff.

Order and judgment affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.