■ JEWEL PALIN, Respondent, v KENNETH PALIN, Appellant. [624 NYS2d 630] —In an action for divorce and ancillary relief, the defendant appeals, as limited by his briefs, (1) from so much of a judgment of the Supreme Court, Richmond County (Radin, J.H.O.), dated June 1, 1992, as granted the plaintiff a divorce on the ground of cruel and inhuman treatment and equitably distributed the marital property and (2) from so much of an order of the same court (Marrero, J.), dated January 24, 1994, as, upon granting the plaintiff's motion to resettle the judgment, granted the plaintiff a divorce on the grounds of adultery and cruel and inhuman treatment and equitably distributed the marital property.

Ordered that the appeal from the judgment is dismissed since it has been superseded by the order resettling the judgment; and it is further,

Ordered that the order is modified, on the law, by deleting therefrom the provision granting the plaintiff a divorce on the ground of cruel and inhuman treatment and substituting therefor a provision dismissing the cause of action for a divorce on that ground; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded two bills of costs.

"It is well settled that a plaintiff seeking a divorce on the ground of cruel and inhuman treatment must show serious misconduct, not mere incompatibility *(see, Brady v Brady,* 64 NY2d 339; *Hessen v Hessen,* 33 NY2d 406). 'Riotous quarrels' do not constitute cruel and inhuman treatment *(see, Filippi v Filippi,* 53 AD2d 658, 659). A plaintiff relying on this ground must show 'a course of conduct by the defendant spouse which is harmful to the physical or mental health of the plaintiff and makes cohabitation unsafe or improper' *(Brady v Brady, supra,* at 343)" *(Del Gatto v Del Gatto,* 142 AD2d 545). Moreover, as the Court of Appeals has held, when the marriage is one of long duration, a high degree of proof of cruel and inhuman treatment is required *(see, Brady v Brady,* 64 NY2d 339, *supra; Hessen v Hessen,* 33 NY2d 406, *supra).*

The incidents of alleged cruel and inhuman treatment to which the plaintiff testified involve occasional verbal abuse, threats, contentiousness, evidence of adultery, and one in-

stance of physical assault. While this conduct presumably served to make cohabition unpleasant, the plaintiff failed to offer any evidence to establish that the defendant's conduct so endangered her physical or mental well being as to render it unsafe or improper for her to cohabit with the defendant (see, *Rios v Rios,* 34 AD2d 325, *affd* 29 NY2d 840; *Johnson v Johnson,* 103 AD2d 820). Indeed, the plaintiff continued to cohabit with the defendant for more than a year after she commenced this action for divorce. Moreover, the parties' marriage was one of long duration. Under these circumstances, we conclude that the Judicial Hearing Officer erred by determining that the plaintiff was entitled to a divorce on the ground of cruel and inhuman treatment (see, *Brady v Brady,* 64 NY2d 339, *supra; Clarkson v Clarkson,* 103 AD2d 964).

However, the determination that the plaintiff is entitled to a divorce on the ground of adultery is supported by the record and we decline to disturb it. The parties' son testified to the effect that the defendant had told him that he had had a child with a woman other than the plaintiff, and the Judicial Hearing Officer drew an adverse inference from the defendant's invoking his right against self-incrimination when he was asked questions regarding that child and his relationship with her mother (see, *Fritz v Fritz,* 88 AD2d 778).

The Judicial Hearing Officer did not improvidently exercise its discretion by refusing to permit the defendant to raise the affirmative defense of condonation (see, Domestic Relations Law § 171 [2]) for the first time at the trial (see, *Maryon v Maryon,* 60 AD2d 623; *Rera v Rera,* 100 Misc 2d 670).

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Lawrence, Copertino and Joy, JJ., concur.