■ SUZANNE GARVER, Appellant, v JOHN A. GARVER, Respondent. [677 NYS2d 155] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Adams, J.), dated September 26, 1996, which, after a nonjury trial, *inter alia,* (1) awarded the defendant a divorce on the ground of cruel and inhuman treatment and denied her a divorce on the ground of constructive abandonment, (2) determined that a "Special Pension Benefit" payable to the defendant was not marital property, (3) determined that the parties had $951,317 in unsecured marital debt, (4) awarded her

maintenance only in the amount of $300 per week for three years, (5) transferred custody of the accounts of the parties' children to the defendant, and (6) denied her application for counsel fees.

Ordered that the judgment is modified by (1) deleting the provision thereof which granted the defendant's counterclaim for a divorce on the ground of cruel and inhuman treatment and substituting therefor a provision denying the defendant's counterclaim for a divorce, (2) deleting the provisions thereof concerning equitable distribution of the marital assets and debts, and (3) deleting the provision thereof which required the defendant to pay to the plaintiff maintenance in the amount of $300 per week for three years or her sooner remarriage or the death of either party and substituting therefor a provision that the defendant pay to the plaintiff maintenance in the amount of $300 per week until the death of either party or upon modification of the provision pursuant to Domestic Relations Law § 236 (B) (1) (a) or § 248; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

We agree with the plaintiff wife that the court erred in granting the defendant husband a divorce on the ground of cruel and inhuman treatment. A party seeking a divorce on that ground "must show serious misconduct, and not mere incompatibility", i.e., "a course of conduct by the defendant spouse which is harmful to the physical or mental health of the plaintiff and makes cohabitation unsafe or improper" (*Brady v Brady,* 64 NY2d 339, 343; *see, Hessen v Hessen,* 33 NY2d 406; *Palin v Palin,* 213 AD2d 707). Here, the husband's testimony that the wife was verbally abusive to him and that they had a "stressful relationship" was insufficient to establish "cruel and inhuman treatment" by the wife, especially in light of the fact that the parties continued to live in the same residence after the commencement of the instant action (*see, Arunas v Arunas,* 227 AD2d 424; *Palin v Palin, supra; Stagliano v Stagliano,* 132 AD2d 975, 976).

We reject the wife's contention, however, that the court erred in refusing to grant her a divorce on the ground of constructive abandonment (*see,* Domestic Relations Law § 170 [2]). Resolution of that issue depended upon the trial court's assessment of the parties' credibility, and we decline to substitute our judgment for that of the trial court on this issue (*see, Kalinich v Kalinich,* 205 AD2d 736; *Schottenfeld v Schottenfeld,* 152 AD2d 690; *Raso v Raso,* 129 AD2d 692).

Since neither the husband nor the wife established their

entitlement to a divorce, the marital property (and debt) was not subject to equitable distribution (*see, Walczak v Walczak,* 206 AD2d 900, 901; *Meier v Meier,* 156 AD2d 348). Moreover, absent the termination of the marital relationship, the court does not have the authority to direct the sale of the marital residence without the consent of the parties (*see, Kayden v Kayden,* 234 AD2d 345; *Brady v Brady,* 101 AD2d 797, *affd* 64 NY2d 339). Therefore, we need not address the wife's contentions with respect to the trial court's determinations on these issues.

Despite the failure of the divorce action, the trial court was still authorized to award permanent maintenance to the wife (*see, King v King,* 230 AD2d 775). However, while we agree that the amount awarded for maintenance was proper, under the circumstances the duration of the maintenance must be for an indefinite period of time (*see, Schildkraut v Schildkraut,* 223 AD2d 585; *Blisko v Blisko,* 149 AD2d 127).

The court did not improvidently exercise its discretion in denying the wife's request for counsel fees in the instant case (*see,* Domestic Relations Law § 237 [a]; *Kret v Kret,* 222 AD2d 412; *Shoenfeld v Shoenfeld,* 168 AD2d 674, 677).

Finally, under the circumstances of this case, the court did not improvidently exercise its discretion in directing that custody of the children's accounts be transferred from the wife to the husband. O'Brien, J. P., Sullivan, Pizzuto and Joy, JJ., concur.