■ CAROL RIDLEY, Appellant, v GERALD RIDLEY, Respondent. [714 NYS2d 396] —Order unanimously reversed on the law without costs, complaint reinstated and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: The parties were married in 1969 and have two children, born in 1974 and 1978. Plaintiff left the marital residence in October 1996 and commenced this action for divorce in February 1998 alleging cruel and inhuman treatment (*see,* Domestic Relations Law § 170 [1]). Following a hearing before a Referee on the issue of grounds for the divorce, Supreme Court confirmed the Referee's findings of fact and conclusions of law and dismissed the complaint. That was error.

According to plaintiff's unrefuted hearing testimony, in 1987 defendant began directing outbursts of anger at plaintiff on a regular basis. For a period of 2 to 3 years prior to plaintiff's departure from the marital residence, those episodes of anger occurred 3 to 4 times a week, with defendant frequently shouting at plaintiff for an hour or longer. Defendant's specific manifestations of anger included tipping over a kitchen table, .

slamming and breaking an appliance door, striking and splitting a wooden door, jumping on the hood of a car driven by plaintiff, and breaking the glass panel on a storm door. Plaintiff also testified that defendant called her a specific derogatory name on at least one occasion and frequently referred to her as a "thief" after she withdrew money from a joint account in order to open an account in her own name. Defendant often accused plaintiff of "not pulling her weight" for the family. According to plaintiff, defendant's conduct caused her to become fearful and withdrawn; she would shake and cry frequently and, at times, have trouble sleeping. Plaintiff also experienced pain in her neck and leg. After departing from the marital residence, plaintiff began treating with a clinical social worker and a chiropractor, who respectively testified that the conduct of defendant caused plaintiff's mental and physical ailments.

Contrary to the findings of fact confirmed by the court, both parties testified that plaintiff infrequently participated in the shouting, that defendant refused to eat meals with the family 2 to 3 times a week in the year before plaintiff departed from the marital residence, and that defendant made the decision to discontinue marriage counseling. Also contrary to those findings of fact, the undisputed testimony of the clinical social worker established that the condition from which plaintiff was suffering would likely improve with long-term therapy.

We further disagree with the determination of the Referee, confirmed by the court, that the clinical social worker was not qualified to testify regarding the diagnosis and prognosis of plaintiff's condition and to render an opinion regarding the cause of that condition (*see, Matter of Eli v Eli*, 159 Misc 2d 974, 981-982; *People v Gans*, 119 Misc 2d 843, 844; *see generally, Gray v Gray*, 245 AD2d 584, 585). With respect to the testimony of the chiropractor, we agree with the determination of the Referee that the chiropractor's testimony lacks probative value.

It is well settled that a plaintiff seeking a divorce based upon cruel and inhuman treatment must establish serious misconduct on the part of defendant such that plaintiff's physical or mental well-being was endangered and continued cohabitation with defendant is unsafe or improper (*see,* Domestic Relations Law § 170 [1]; *Brady v Brady*, 64 NY2d 339, 343; *Urtis v Urtis*, 181 AD2d 1001, 1002; *Stagliano v Stagliano*, 132 AD2d 975, 976). In a marriage of long duration, as in the present case, a higher degree of proof is required to establish cruel and inhuman treatment because what could be viewed as substantial misconduct in a marriage of short duration might be only

"transient discord" in a marriage of many years (*Hessen v Hessen*, 33 NY2d 406, 411; *see, Brady v Brady, supra*, at 344; *Brooks v Brooks*, 191 AD2d 1042, 1043). Thus, absent a showing of a harmful effect upon plaintiff's physical or mental health, proof that defendant is argumentative, uncooperative or that relations between the parties are strained and unpleasant is insufficient (*see, Kleindinst v Kleindinst*, 116 AD2d 988). We further note that, contrary to the Referee's conclusion, "[a] lack of medical evidence or expert testimony regarding the effect of defendant's behavior on [plaintiff] [would not be] fatal to plaintiff's case" (*Mikhail v Mikhail*, 252 AD2d 772, 773; *see, Bailey v Bailey*, 256 AD2d 1030, 1031; *Doyle v Doyle*, 214 AD2d 918, 919, *lv denied* 87 NY2d 803).

Here, plaintiff testified to conduct that defendant exhibited on a regular basis, i.e., hour-long shouting and screaming 3 to 4 times a week, refusal to join family dinners 2 to 3 nights a week, and numerous instances of erratic behavior involving physical acts against inanimate objects occurring over the 2 to 3 years preceding plaintiff's departure from the marital residence. Defendant admitted engaging in that conduct and testified that plaintiff remained passive the majority of the time. In addition, plaintiff testified to the adverse effect that defendant's behavior had on her mental and physical well-being, and such testimony regarding the adverse psychological effect on plaintiff was confirmed by a qualified expert witness. Defendant presented no evidence to refute that testimony. We therefore remit the matter to Supreme Court to grant judgment in favor of plaintiff and to determine the remaining issues. (Appeal from Order of Supreme Court, Ontario County, VanStrydonck, J.—Matrimonial.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Kehoe, JJ.