■ JEFFERY A. STACEY, Appellant, v DEANNA L. STACEY, Respondent. [860 NYS2d 350]—

Appeal from a judgment of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered November 14, 2006 in a divorce action. The judgment, among other things, dissolved the marriage between the parties.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the direction that the marital residence shall immediately be sold and by awarding plaintiff exclusive use and occupancy of the marital residence until the parties' youngest child attains the age of 18 and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff husband appeals from a judgment that, inter alia, granted defendant a divorce on the ground of cruel and inhuman treatment. We reject his contention that the evidence at trial was insufficient to establish the requisite serious misconduct for cruel and inhuman treatment, i.e., that defendant's "physical or mental well-being was endangered and continued cohabitation with [plaintiff was] unsafe or improper" (*Ridley v Ridley*, 275 AD2d 941, 942 [2000]; *see* Domestic Relations Law § 170 [1]; *Brady v Brady*, 64 NY2d 339, 343 [1985]; *Gross v Gross*, 40 AD3d 448 [2007]). Defendant was required to

establish that the parties suffered from more than "strained, unpleasant relations and incompatibility" (*Stroke v Stroke*, 283 AD2d 992 [2001] [internal quotation marks omitted]) and, "[i]n [this] marriage of long duration, . . . a higher degree of proof [was] required to establish cruel and inhuman treatment because what could be viewed as substantial misconduct in a marriage of short duration might be only 'transient discord' in a marriage of many years" (*Ridley*, 275 AD2d at 942-943, quoting *Hessen v Hessen*, 33 NY2d 406, 411 [1974]; *see McMahon v McMahon*, 42 AD3d 787, 788 [2007]; *Gross*, 40 AD3d at 448). We note, however, the statement of the Court of Appeals that, "even in [a long-term] marriage 'substantial misconduct' might consist of one violent episode such as a severe beating" (*Brady*, 64 NY2d at 345).

Here, defendant testified on direct examination concerning an incident that occurred approximately five months before the commencement of this action, during which plaintiff called defendant vulgar names and repeatedly struck her on the side and back of her head. The incident caused defendant to seek medical treatment, and she obtained an order of protection against plaintiff. Defendant also testified that plaintiff verbally abused her before she left for work concerning her appearance and the clothes that she was wearing. On cross-examination, defendant further testified that, throughout the course of the marriage she was hit or slapped by plaintiff "every time the dishes weren't done . . . or the laundry wasn't done." According to defendant, plaintiff's conduct was continuous and not an " 'isolated act of mistreatment' " (*Wikiera v Wikiera*, 233 AD2d 896 [1996], quoting *Brady*, 64 NY2d at 344). Although plaintiff presented evidence refuting defendant's testimony, Supreme Court, as the trier of fact, had broad discretion in determining whether the conduct at issue "[rose] to the level of cruel and inhuman treatment" (*Mikhail v Mikhail*, 252 AD2d 772, 773 [1998]; *see Jones v Jones*, 289 AD2d 983 [2001], *lv dismissed* 97 NY2d 749 [2002]), "and we defer to Supreme Court on the credibility issues" (*Newkirk v Newkirk*, 212 AD2d 951, 952 [1995]). We conclude on the record before us that the court properly granted defendant a divorce on the ground of cruel and inhuman treatment (*see generally Ridley*, 275 AD2d 941 [2000]; *Meltzer v Meltzer*, 255 AD2d 497 [1998]).

We agree with plaintiff, however, that the court erred in directing the immediate sale of the marital residence and in failing to award him exclusive use and occupancy of the marital residence until the parties' youngest child attains the age of 18 and we therefore modify the judgment accordingly. Plaintiff was

awarded custody of the parties' children and thus, under the circumstances of this case, he is entitled to such exclusive use and occupancy. "Courts now express a preference for allowing a custodial parent to remain in the marital residence until the youngest child becomes 18 unless such parent can obtain comparable housing at a lower cost or is financially incapable of maintaining the marital residence, or either spouse is in immediate need of his or her share of the sale proceeds" (*Nolan v Nolan*, 215 AD2d 795, 795 [1995]; *see Nissen v Nissen*, 17 AD3d 819, 820 [2005]; *Goldblum v Goldblum*, 301 AD2d 567, 568 [2003]). Here, there is no evidence in the record that plaintiff, the custodial parent, could have obtained comparable, less expensive housing in the same area or that he is financially incapable of maintaining the residence, nor is there evidence that defendant is in immediate need of her share of the proceeds from the sale of the marital residence. Present—Martoche, J.P., Centra, Lunn, Fahey and Gorski, JJ.