## Burton S. Tabakin v. Ruth R. Tabakin

[303 A.2d 816]

No. 151-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 3, 1973

*Francis R. Peisch, Esq.*, Burlington, for Plaintiff.

*Lisman & Lisman,* Burlington, for Defendant.

**Shangraw, C.J.** On September 15, 1971, the plaintiff brought a divorce petition alleging intolerable severity on the part of the defendant. As an additional ground for a divorce, plaintiff, on April 13, 1972, amended his complaint by alleging that he had lived apart from the defendant for more than six months, and that the resumption of marital relations is not reasonably probable. This amendment comports with 15 V.S.A.

§ 551, subsection (7) which became effective April 6, 1972, permitting the granting of a divorce on the following grounds:

"(7) When a married person has lived apart from his or her spouse for six consecutive months and the court finds that the resumption of marital relations is not reasonably probable."

Defendant filed an answer to the amendment of plaintiff's complaint admitting that the plaintiff had lived apart from her for more than six months, but alleged that a reconciliation was reasonably probable.

The matter came on for hearing before the Chittenden County Court on June 5, 1972. Findings of fact were made on June 14, 1972, in which the following was therein determined.

The plaintiff is a medical doctor, holding the position of Chief of Cardiology at the Medical Center Hospital in Burlington, and also serving as a professor of medicine at the University of Vermont. During 1970–1971, the parties spent a year abroad in Holland. Upon returning in August, 1971, the plaintiff moved out of his home in South Burlington, and has been living separate and apart from the defendant since that time. The defendant stated that she wants a reconciliation, and several friends of the parties testified that they thought that a reconciliation was possible. The plaintiff testified that he had no intention of reconciling. An associate of the plaintiff testified that he had known of the parties marital difficulties for about a year and a half and that the plaintiff had talked with him a year ago February about obtaining a divorce. Prior to going to Holland, the plaintiff sought professional advice with respect to his marriage and asked his wife to do likewise. While in Holland, shortly before Christmas, 1970, the plaintiff told the defendant about desiring a divorce, and the defendant at that time sought professional advice herself.

The court continued by stating that it is apparent that the differences between the parties have existed for some period of time and that efforts have been made to work out those differences. However, the plaintiff has clearly decided that he does not want a reconciliation, and, although

the defendant is willing to make such an effort, there can be no true reconciliation without a good faith effort on the part of both parties. On this issue the court concluded by stating "We find that a resumption of marital relations is not reasonably probable."

The parties were married on June 17, 1945. Five children were born of this marriage: Jonathan, age 21; Daniel, age 19; Robert, age 16; Stuart, age 13; and James, age 11. The parties have lived in the Burlington area most of their married life. No issue exists between the parties with respect to custody of the children. The plaintiff agreed that the defendant may have custody of Robert, Stuart and James.

The parties own three pieces of real estate: (1) the home premises on Elsom Parkway in South Burlington valued at approximately $50,000.00 and subject to a mortgage of approximately $6,300.00; (2) lake shore property in Colchester valued at between $18,000.00 and $22,000.00; and (3) a piece of land in Bolton Valley valued at approximately $5,500.00. The court found it agreeable between the parties that the defendant have the home premises and assume the mortgage thereon and that the plaintiff have the other two properties.

There is currently in existence a life insurance trust fund with the defendant and the children named as beneficiaries. The defendant sought to have this continued in effect without change and without revocation by the plaintiff. The plaintiff is paying $205.00 per month to maintain the trust and is willing to do so. Blue Cross health insurance for the children presently costs the plaintiff $23.00 per month.

Plaintiff earns an annual salary of approximately $34,500.00 with a net monthly income of about $2,200.00. The defendant is not employed and has no independent means of support. Since the separation, the plaintiff has been paying $350.00 per month to the defendant toward the support of herself and the two minor children who are living with her. In addition, the plaintiff has been paying about $200.00 per month on the house mortgage plus the expenses of heating and electricity. The defendant sought $1,500.00 per month for support, but no breakdown of this figure was given. Defendant also requested that plaintiff pay for the college education of the children and contribute toward her legal fees. The parties have no major

outstanding bills other than a balance of $2,400.00 on an original bill of $6,000.00 for dental work done for the defendant.

Following the findings of fact, and prior to the judgment order issued on July 24, 1972, the defendant filed a petition dated July 5, 1972, for a further hearing relating to the support of the minor children. In the petition it is claimed that the evidence in the case primarily focused on whether a reconciliation was probable. It is alleged that the defendant testified primarily on this point and gave no evidence on the subject of support of herself and minor children, other than that she required $1,500.00 monthly. She generally claimed that the support order of $600.00 was insufficient.

At the time of trial Jonathan was living with the plaintiff, and, as stated by his father, "does pretty much as he pleases." Daniel and Robert were also living with their father. Stuart and James were with their mother.

Plaintiff testified that during the period while living apart from his wife his net monthly income was Twenty-two Hundred and thirty dollars ($2,230.00) out of which he paid the following monthly commitments: payment to wife, $350.00; payments on mortgage principal, interest, real estate taxes and insurance amounting to $199.00; heating home at South Burlington, $50.00; premiums on life insurance, $205.00; interest on life insurance loans, $100.00; Blue Cross hospitalization and medical payments for the family, $33.36; and electric light bills ranging from $18.00 to $27.00 monthly, a total of approximately $950.00. This left available for the support of plaintiff and two minor children, Daniel and Robert, nearly $1,300.00 monthly.

No determination was made with respect to payment for the college education of the children. The court took the view that in the event that this should become a subject of future disagreement between the parties, proper application could be made to the court for relief.

Consistent with the findings and conclusions, a judgement order was issued on July 24, 1972, and by paragraph 1 thereof the plaintiff was granted a divorce on the ground that the parties have lived separately and apart for a period of six consecutive months and that the resumption of marital relations is not reasonably probable. Decree nisi to become abso-

lute within three months of the date of the filing of the Judgment Order. The order continued as follows:

"2. Care, custody and control of the minor children of the parties, namely, Robert, age 16; Stuart, age 13; and James, age 11, is awarded to the defendant during the remainder of the children's minorities. The plaintiff has the right to see and visit said children at reasonable times and places.

3. The plaintiff shall pay the defendant the sum of $600.00 each and every month for the support of the plaintiff and the minor children, said payments to commence as of July 1, 1972.

4. The homestead premises of the parties and the household goods and furnishings located therein at 53 Elsom Parkway, South Burlington, Vermont are decreed to the defendant to her sole and separate use, free and clear of any marital right of the plaintiff. This order shall operate to pass legal title thereto. The defendant shall assume the present mortgage at Burlington Federal Savings & Loan Association on 53 Elsom Parkway, South Burlington, Vermont, as of July 1, 1972 and all maintenance expenses incurred thereafter.

5. The properties owned by the parties in Colchester and Bolton Valley are decreed to the plaintiff for his sole and separate use, free and clear of any marital right of the defendant. This Order shall operate to pass legal title thereto.

6. There shall be no change in the beneficiaries of the life insurance trust without further Order of the Court. Medical and life insurance policies now in force for the benefit of the defendant and the children shall be maintained and kept in effect by the plaintiff.

7. The plaintiff shall pay the balance due on the dental bill of the defendant of approximately twenty four hundred dollars, ($2,400.00).

8. The defendant may retain the automobile in her possession for her sole and separate use free of any marital right of the plaintiff.

9. The plaintiff shall pay attorneys' fees incurred by the defendant up to a maximum of five hundred ($500.00) dollars.

10. The defendant's Petition for Further Hearing on Support for the Minor Children, dated July 5, 1972, does not present to the Court sufficient indication of what new or additional evidence the defendant seeks to submit to warrant the Court's reopening the matter at this time. The motion is hereby denied."

Following is a comparison of the financial situation of the parties during the period of separation and as now present under the decree. By the decree the plaintiff is required to pay $600.00 monthly by way of support of the defendant and three minor children. This represents an increase of $250.00 over and above the amount contributed during the separation. He is now relieved from the monthly payment of $199.00 on account of the mortgage, interest, taxes and insurance on the South Burlington home together with monthly heating expense of $50.00 and light bills ranging from $18.00 to $27.00, a total of approximately $270.00. Furthermore, the burden of supporting Robert is now cast upon the defendant.

On the contrary for the additional $250.00 a month, the defendant is burdened with the foregoing together with the general maintenance of the home decreed to her. James has a chronic case of child diabetes which is highly fragile and prognosis poor. His treatment involves expense.

By appealing from the judgment order, the defendant first contends that the determination made by the court that a "resumption of marital relations is not reasonably probable" is without evidentiary support. In so doing, attention is called to 15 V.S.A. § 551a which, in part, requires that the court in such case "shall consider all relevant factors, including the circumstances that gave rise to the filing of the petition and the prospect of reconciliation." This statute required that the court make a finding whether the parties have lived apart for the requisite period of time or not and whether the reconciliation of the parties to the marriage is reasonably probable or not. Under this statute the court had the alternative to continue the case for further hearing not less than 30 or more than 60 days later, and may suggest to the parties

that they seek counseling. At the adjourned hearing the court then determines whether the reconciliation of the parties to the marriage is reasonably probable or not.

In this case the court, as authorized by the statute, made its determination without the benefit of an adjourned hearing.

Without burdening this opinion with a review of the facts as revealed by the record, there appears a clear demonstration that the court considered all relevant factors, including the circumstances that gave rise to the filing of the petition and the prospect of reconciliation as required by 15 V.S.A. § 551a, and that the plaintiff is entitled to a divorce on the grounds that the resumption of marital relations is not reasonably probable. 15 V.S.A. § 551(7).

Defendant next urges error on the part of the court by the denial of her petition for a further hearing on the subject of her support and that of the three minor children committed to her custody.

As we have hereinbefore stated, the defendant testified that she required $1,500.00 monthly. There appears no evidence in the transcript or findings as to how she arrived at this amount, nor does it appear that the award of $600.00 by the court was sufficient to meet her requirements, the needs of the children, nor that that sum so awarded was sufficient to enable her to live in accordance with the standard of living to which she had become accustomed, considering the ability of the husband to pay such allowance.

The Vermont courts and statutes have always been primarily concerned with the welfare of the parties, particularly the children, involved in a domestic problem. In the case of *Foster* v. *Redfield*, 50 Vt. 285, 290–91 (1877), this Court made the following statement:

> ". . . [N]ot alone are the personal interests of the parties to a divorce suit involved, but the interest of the children and the interests of the public . . . involving, as it does, the current support and the progressive development and education of children. . . . The Court is charged with a duty to the public, and to the children. . . ."

All in all, we take the view, and so hold, that the support requirements of the defendant and minor children were not sufficiently explored, and, by reason of the absence of evidence on this issue, defendant's motion for a further hearing on this phase of the case should have been granted. See *Goslant* v. *Goslant,* 130 Vt. 210, 211, 290 A.2d 22 (1972); *John* v. *Fernandez,* 124 Vt. 346, 348, 349, 205 A.2d 552 (1964).

It is also urged that the findings on the property values are not substantiated by the evidence. The contrary is revealed by the record. Moreover, no controversy developed as to disposition of the real estate during the hearing regardless of values. In fact, the disposition of the real estate was consistent with the wishes of the parties.

*The cause is remanded for a further hearing relating to the support of the defendant and her three minor children, Robert, Stuart and James. The present monthly payment of $600.00 for the support of the defendant and her three minor children to remain in effect pending hearing and thereafter unless modified. Otherwise, the judgment order of July 24, 1972, is affirmed.*