■ Ann M. Carratu, Appellant, v Rudolph M. Carratu, Respondent.— Order, Supreme Court, Bronx County, entered September 21, 1978, which denied plaintiff a judgment of divorce and continued support payments of $100 weekly and awarded counsel fees, modified, on the law and the facts, to the extent of granting judgment of divorce, and otherwise affirmed, without costs. In the early part of 1976, the plaintiff was denied a divorce sought on the ground of cruel and inhuman treatment. Thereafter, the plaintiff wife went to live with her parents because of her feeling that it was unsafe to cohabit with her husband. The court below noted the plaintiff's testimony that she was physically abused by the defendant on one occasion since the trial of the prior divorce action. But there was also evidence that following the prior trial the defendant persisted in episodes of intoxication, during which times he abused plaintiff; that defendant threatened to shoot his wife with a licensed firearm he owned; that he directed gross obscenities in personal and telephonic conversation with plaintiff; that he inexcusably and for extended periods of time absented himself from the marital home and family; and that such misconduct by defendant caused plaintiff profound embarrassment, mental anxiety, torment and physical distress, for which

condition she secured medical attention and treatment. Significantly, the plaintiff sought and secured an order for protection in the Family Court on two occasions, first in mid-1976, and again in the latter part of that year. The parties have a daughter over 21, and a son over 18 who reside in the marital home, and whose testimony in the current action corroborated that of the mother. The fact that a divorce was denied in the 1976 action does not prevent the granting thereof in the present action. Rather it emphasizes the fact that the difficulties with which the plaintiff was confronted are of long-standing duration. We find that within the ambit of the rule of *Hessen v Hessen* (33 NY2d 406), the plaintiff is entitled to a judgment of divorce. Concur—Kupferman, J. P., Birns, Fein, Lupiano and Ross, JJ.