# Michael F. Zweig v. Martha MacNeal Zweig

[580 A.2d 939]

No. 89-120

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed June 1, 1990

Motion for Reargument Denied June 25, 1990

*Rubin, Rona, Kidney & Myer*, Barre, for Plaintiff-Appellee.

*Martha MacNeal Zweig*, pro se, Hardwick, Defendant-Appellant.

**Peck, J.** This is an appeal by defendant wife from a divorce decree entered upon a finding that the parties had lived apart for six months and that the resumption of marital relations was not reasonably probable. 15 V.S.A. § 551(7).

The parties were married in Philadelphia in 1965 and moved to New York State. In 1974, plaintiff husband left the marital home and moved to New York City, where he still resides. Defendant wife moved to Vermont in the fall of that year and has

lived in this state ever since. Both parties have cohabited with other individuals for over ten years. The only child of the marriage will be twenty years old in November of this year.

In December, 1978, plaintiff filed an action for divorce in New York State on the grounds of constructive abandonment and cruel and inhuman treatment. Defendant contested the action, and counterclaimed, seeking custody, child support, and maintenance. The court severed the custody and support issues, and the matter was tried on the divorce complaint alone. In July, 1980, the court dismissed the action, stating that plaintiff had failed to prove his allegations of constructive abandonment and cruelty.

After considerable lapse of time, in March of 1988 the New York court ordered plaintiff to pay child support of one hundred dollars per week retroactive to January 1, 1985; to maintain medical, dental, and life insurance for his daughter's benefit; and to pay all medical and dental bills in excess of one hundred dollars a year that are not covered by insurance. The support order remains in effect until his daughter's twenty-first birthday in November, 1991.

In 1988, plaintiff brought an action for divorce in Vermont pursuant to 15 V.S.A. § 592, alleging an irreconcilable separation exceeding six months. The court granted the divorce and denied maintenance to defendant. This appeal ensued.

■ On appeal, defendant challenges the trial court's jurisdiction to grant the divorce, asserting that the matter is res judicata because of the prior New York decision. Defendant is correct that if an initial suit for divorce is brought in a different state than the second suit, a judgment on the merits for the defendant bars a subsequent divorce action on identical grounds where the evidence will be essentially the same. See *Slansky v. Slansky*, 150 Vt. 438, 441, 553 A.2d 152, 154 (1988); *Gordon v. Gordon*, 59 So. 2d 40, 43–44 (Fla. 1952). The inquiry here, then, is whether these two divorce actions were brought on the same grounds and on the same evidence. We hold that they were not.

Plaintiff asserted cruelty and constructive abandonment as grounds for the New York divorce, not an irreconcilable separa-

tion of more than six months. N. Y. Dom. Rel. Law § 170 (McKinney 1988) permits no-fault divorce only pursuant to a one-year separation under a court decree or written agreement; neither is present in this case. Vermont's divorce statute, by contrast, does not require a written agreement or court decree; rather, it allows divorce after the parties have lived apart for six consecutive months, upon a finding that resumption of marital relations is not reasonably probable. 15 V.S.A. § 551(7). We decline to hold that, in this case, these statutory bases are so similar as to constitute identical grounds.

■ In any event, plaintiff's suit in New York did not rely on that state's no-fault provisions, N. Y. Dom. Rel. Law § 170 (5), (6) (McKinney 1988), but instead on the grounds of constructive abandonment and cruelty. Defendant has not shown that the New York court considered that state's no-fault grounds in reaching its decision. The court's opinion clearly states that a divorce was sought and denied on the grounds of constructive abandonment and cruelty. At the conclusion of the opinion, a handwritten insertion mentions the "dead marriage" doctrine. Defendant attempts on appeal to establish that New York's "dead marriage" doctrine is in reality another name for irreconcilability, or some similar no-fault basis for divorce, which the New York court considered and rejected in the prior action. Defendant argues that in New York grounds of cruelty can encompass the "dead marriage" doctrine. *Hessen v. Hessen*, 33 N.Y.2d 406, 410–11, 308 N.E.2d 891, 894–95, 353 N.Y.S.2d 421, 426 (1974); *Berlin v. Berlin*, 64 Misc. 2d 352, 355–56, 314 N.Y.S.2d 911, 916 (Sup. Ct. 1970). Nevertheless, the doctrine is still part of the grounds for cruelty, and cannot stand alone under New York law as a distinct, no-fault basis for dissolution of a marriage. *Brady v. Brady*, 64 N.Y.2d 339, 345–46, 476 N.E.2d 290, 294, 486 N.Y.S.2d 891, 895 (1985); *Berlin*, 64 Misc. 2d at 353, 314 N.Y.S.2d at 913.

Defendant further asserts that plaintiff "acknowledged . . . that the issue of irreconcilable separation was tried and determined in New York," citing plaintiff's memorandum in opposition to defendant's motion to dismiss. That document contains no such acknowledgment, stating only that "even if" the matter

had been raised in New York, plaintiff was not precluded from bringing suit in Vermont on a continuing cause of action. Defendant's res judicata argument, therefore, is meritless.

 Even if plaintiff's claims in both lawsuits were identical, he is not forever precluded from alleging and proving irreconcilable separation in a later proceeding. "[A]pplication of *res judicata* . . . does not preclude [a party's] ability to rely upon facts and circumstances existing after [an adjudication upon the merits]." *Lillis v. Lillis*, 1 Kan. App. 2d 164, 168, 563 P.2d 492, 495 (1977). Moreover,

> [i]t is apparent in the physical nature of things that where the law requires that the act . . . be continuous for a specified period of time immediately prior to the commencement of the action, successive suits for divorce on [those grounds] necessarily involve separate and distinct factual situations in respect to that time element.

*Reynolds v. Reynolds*, 117 So. 2d 16, 20 (Fla. Dist. Ct. App. 1959) (emphasis omitted). The court need only find that the separation had lasted for the requisite statutory period on the date the case came to trial. The policy underlying no-fault dissolution of marriages recognizes that divorces should be granted when a marriage has broken down, so that the parties may be free to form other, and, it is hoped, happier alliances. Defendant has cited no authority, and we find none, for the proposition that an action for divorce cannot be brought on grounds present in the years following a prior, unsuccessful suit. The weight of authority is to the contrary. *Booker v. Booker*, 96 A.D.2d 522, 522, 465 N.Y.S.2d 39, 39–40 (1983); *Carratu v. Carratu*, 70 A.D.2d 503, 504, 415 N.Y.S.2d 835, 836 (1979), *aff'd*, 50 N.Y.2d 941, 942, 409 N.E.2d 929, 930, 431 N.Y.S.2d 455, 456 (1980).

 Husband and wife have lived apart for over fifteen years, and both have long-term relationships with other individuals. Under these circumstances, we cannot find error in the court's finding that the separation exceeded six months, and that the resumption of marital relations was not reasonably probable. It is axiomatic that "there can be no true reconciliation without a good faith effort on the part of both parties."

*Tabakin v. Tabakin*, 131 Vt. 234, 236, 303 A.2d 816, 818 (1973). Plaintiff has made it abundantly clear that, for him, the marriage is over. It is the function of this Court to review and uphold judgments granting divorce if the record permits. *Boone v. Boone*, 133 Vt. 170, 171, 333 A.2d 98, 99 (1975). The trial court's determinations are fully supported by the evidence.

 With respect to the issue of maintenance, this Court defers to the trial court's broad discretion in fashioning an award of maintenance or denying such an award. *McCrea v. McCrea*, 150 Vt. 204, 207, 552 A.2d 392, 394 (1988). A party challenging the trial court's action must show that the award, or lack of it, has no reasonable basis to support it. *Quesnel v. Quesnel*, 150 Vt. 149, 151, 549 A.2d 644, 646 (1988). Defendant has failed to meet that burden here. The evidence showed that she is well educated, that her companion contributed to household expenses, that she owns real property unencumbered by a mortgage, and that she has steady employment. Plaintiff's net worth is approximately $1000, and the parties split their property approximately equally at the time they separated in 1974. Under the circumstances, we cannot find that the trial court's refusal to award maintenance was unsupported by the evidence.

Defendant claims that she was treated unfairly in the trial court. The transcript of the trial shows no foundation for her assertion. She further maintains that the statute of limitations and doctrine of laches are a bar to plaintiff's suit. In view of our determination that plaintiff's second action is not res judicata, these claims are unfounded.

 Defendant also challenges the application of 15 V.S.A. § 592, contending that it cannot be applied because the cause of action accrued prior to the statute's amendment, which permitted out-of-state residents to sue in-state residents for divorce in Vermont courts. However, "the overwhelming weight of authority supports retroactive application of legislative creation or amendment of divorce grounds, unless the statutory language employed precludes such a construction." *Gleason v. Gleason*, 26 N.Y.2d 28, 36 n.5, 256 N.E.2d 513, 517 n.5, 308 N.Y.S.2d 347, 352 n.5 (1970) (citing cases from twelve jurisdic-

tions). The Vermont statute includes no such limitation. Furthermore, it is the function of the legislature, not this Court, to determine the consequences of statutory revision.

Defendant raises numerous constitutional arguments in her brief, claiming violations of due process, equal protection, and full faith and credit. These assertions are decidedly without merit, and we decline to consider them here.

*Affirmed.*