J-S26040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARIO ANTHONY RIZZUTO | : | |
| | : | |
| Appellant | : | No. 844 MDA 2023 |

Appeal from the PCRA Order Entered May 15, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001348-2020

BEFORE: PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: OCTOBER 4ᵀᴴ, 2024**

Mario Anthony Rizzuto appeals from the order denying his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. In addition, PCRA counsel has filed a motion to withdraw. We affirm the order denying Rizzuto post-conviction relief and grant PCRA counsel's motion to withdraw.

This Court previously summarized the pertinent facts and procedural history as follows:

> On March 2, 2020, Rizzuto and his accomplice, Vazquez Valentin, broke into a vehicle parked at a residence. They stole multiple things from the vehicle including a firearm, two purses, various credit cards, money, and other personal items. Afterwards, Rizzuto and [Valentin] used one of the credit cards to get food at a Friendly's Restaurant. Rizzuto and [Valentin] also used the credit cards at several convenience stores. The police interviewed Rizzuto, and he admitted to breaking into the vehicle because he was on drugs and needed money badly. Rizzuto also

admitted, among other things, that he sold the firearm he stole to his drug dealer in exchange for crack.

Rizzuto was charged with 31 offenses including 2 counts of theft, possession of a firearm prohibited, and conspiracy to commit theft. On October 26, 2020, Rizzuto signed a written plea agreement with the Commonwealth, agreeing to plead guilty to these four charges, in exchange for the Commonwealth's withdrawal of the remaining charges.

Months later, at the March 9, 2021, sentencing hearing, Rizzuto asked the trial court for permission to withdraw his guilty plea, which it denied. The court then imposed an aggregate sentence of 90 to 180 months of incarceration.

Rizzuto filed post-sentence motions. Therein, he claims that his sentence was unduly harsh, and that the trial court erred in refusing to allow him to withdraw his guilty plea. The court denied both motions.

*Commonwealth v. Rizzuto*, 281 A.3d 1062 (Pa. Super. 2022) (non-precedential decision at 1-2).

Rizzuto appealed. Rizzuto's counsel filed a petition to withdraw and an accompanying brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), to which Rizzuto responded *pro se*. Rizzuto raised the same claims on appeal that he had raised in his post-sentence motion. Regarding his first issue, Rizzuto asserted that he offered a legitimate reason for seeking to withdraw his guilty plea and that the Commonwealth would not be prejudiced. In his *pro se* response, Rizzuto further claimed that his guilty plea colloquy was flawed because the trial court did not review the factual basis for the charges against him. We rejected Rizzuto's claim that he had a legitimate reason for seeking to withdraw his plea. Additionally, we found that Rizzuto's *pro se* claim that his plea lacked a factual basis was waived because he did

not raise it in the trial court. As to the second issue, we concluded that the trial court did not abuse its discretion in sentencing Rizzuto. We therefore affirmed his judgment of sentence. **Rizzuto**, **supra**.

On October 28, 2022, Rizzuto filed a timely PCRA petition, and the PCRA court appointed counsel. On December 29, 2022, PCRA counsel filed a no-merit letter and motion to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On January 5, 2023, the PCRA court held a hearing and issued an order holding the record open for thirty days to allow Rizzuto to respond to PCRA counsel's motion to withdraw. On January 17, 2023, Rizzuto filed a *pro se* response. On January 26, 2023, the PCRA court granted PCRA counsel's motion to withdraw.

On January 3, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Rizzuto's petition. Thereafter, Rizzuto filed several *pro se* fillings. By order entered May 15, 2023, the PCRA court denied Rizzuto's petition. Thereafter, Rizzuto filed a timely appeal and requested the appointment of counsel. The PCRA court then appointed current counsel. Both Rizzuto and the PCRA court have complied with Pa.R.A.P. 1925.

Before we address the merits of the issues Rizzuto wished to raise on appeal however, we must first determine whether current PCRA counsel's filing complies with the procedural requirements of **Turner** and **Finley**. A **Turner/Finley** "no merit" letter must: (1) detail the nature and extent of

counsel's review of the case; (2) list each issue the petition wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. *Commonwealth v. Knecht*, 219 A.3d 689, 691 (Pa. Super. 2019) (citation omitted). "Counsel must also send a copy of the [letter] to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. *Id.* If these requirements are met, "we then conduct an independent review of the petitioner's issues." *Id.*

Here, PCRA counsel has complied with the *Turner*/*Finley* requirements. Within his brief, PCRA counsel provides a detailed review of Rizzuto's case. The brief also lists the issues Rizzuto wished to pursue and explains counsel's reasons for concluding that they are meritless. As part of his withdrawal motion, PCRA counsel has attached a letter addressed to Rizzuto informing him of counsel's motion to withdraw, attaching the brief, and explaining to him of his right to retain private counsel or proceed *pro se*. Given PCRA counsel's compliance, we must now determine if counsel's assessment of Rizzuto's claims is supported by the record.

Rizzuto wished to raise the following four issues on appeal: (1) his guilty plea was invalid and trial counsel was ineffective regarding the plea; (2) trial counsel was ineffective for failing to seek suppression of Rizzuto's statements to police in violation of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966); (3) whether Rizzuto is entitled to have his convictions vacated

because he never waived his preliminary hearing and the Commonwealth made false statements to the trial court that a full preliminary hearing was conducted; and (4) prior PCRA counsel was ineffective when he filed a no-merit letter and requested to withdraw. **See** Rizzuto's Brief at 2.

Our scope and standard of review is well settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

**Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

Rizzuto's first two claims allege the ineffective assistance of trial counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." **Id.** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no

reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. *Id.* at 533.

Rizzuto first argues that trial counsel was ineffective for advising him to enter a guilty plea. Regarding claims of ineffectiveness in relation to the entry of plea, we note:

> Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted). "A defendant's dissatisfaction with the length of his sentence does not constitute 'manifest injustice.'" *Commonwealth v. Felix*, 303 A.2d 816, 820 (Pa. Super. 2023) (citation omitted).

Moreover, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing," and "[h]e bears the burden of proving

otherwise." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted).

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

***Id.*** On appeal, this Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by looking at the totality of the circumstances. ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011).

With these standards in mind, we address Rizzuto's first ineffectiveness claim. The PCRA court found this claim to be frivolous:

> During the [trial court's] colloquy of both [Rizzuto] and his counsel, [Rizzuto] assured the court that, among other things, he understood the terms and conditions of the plea agreement, he entered into the agreement of his own free will; he committed the offenses that were the subject of the agreement; and he was satisfied with his counsel's representation. [Trial counsel] assured the [trial court] that the plea agreement was in [Rizzuto's] best interest.

PCRA Court Opinion, 9/6/23, at 1-2 (citations omitted). Our review of the record supports counsel's assessment that Rizzuto has no basis to challenge the validity of his guilty plea.

The sentencing transcript indicates Rizzuto's major concern was the length of his sentence. But this is not a basis to withdraw a guilty plea. "[T]he

law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made.'" *Commonwealth v. Anderson*, 995 A.2d 1185, 1192 (Pa. Super. 2010) (citations omitted). Here, a review of Rizzuto's answers during his oral colloquy with the court establishes the validity of his plea.[1]

---

[1] Following the filing of his notice of appeal, Rizzuto submitted multiple *pro se* filings to this Court, including two petitions seeking a remand so that he could raise a claim of PCRA counsel's ineffectiveness pursuant to *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), as well as a "Lettered Request to Remove Counsel and Proceed without Current Counsel to Move Forward on the *Bradley* Remand." These motions were deferred to the merits panel.

Recently, in *Commonwealth v. Greer*, 316 A.3d 623 (Pa. 2024), our Supreme Court instructed that when a counselled PCRA petitioner files a motion to remand under *Bradley*, this Court should remand for an on-the-record colloquy without requiring a merits brief by PCRA counsel.

However, the procedural history of this case is distinguishable from *Greer*. Here, Rizzuto filed his three motions for relief prior to counsel's filing of a motion to withdraw and a *Turner*/*Finley* brief. Additionally, Rizzuto's initial PCRA counsel also filed a *Turner*/*Finley* no-merit letter, and the PCRA court permitted him to withdraw following its independent review of the record. As prior PCRA counsel was permitted to withdraw after the filing of a "no-merit" letter Appellant would not be entitled to appointed counsel on remand. *See Commonwealth v. Shaw*, 217 A.3d 265, 268 n.3 (Pa. Super. 2019).

Nonetheless, central to all of Rizzuto's applications for relief, is his contention that current PCRA counsel failed to assert prior counsel's ineffectiveness for failing to raise and/or preserve the claim that his plea was defective because it lacked a factual basis. Our review of the record refutes Rizzuto's underlying claim; the plea colloquy demonstrates that the parties stipulated to the factual basis for the plea. *See* N.T., 10/26/20, at 6. Because trial counsel was not ineffective in this regard, PCRA counsel cannot be held

*(Footnote Continued Next Page)*

In the second claim of ineffectiveness Rizzuto wished to raise, he asserts that trial counsel was ineffective for failing to file a motion to suppress his confession to the police. According to Rizzuto, he did not know his statements were subject to suppression until after his guilty plea and after he reviewed his discovery. However, by entering his guilty plea, Rizzuto waived any claim to pre-trial relief. *See Commonwealth v. Jabbie*, 200 A.3d 500, 505 (Pa. 2018) (explaining that, generally, upon the entry of a guilty plea, a defendant waives all claims and defenses other than those challenging the jurisdiction of the court, the validity of the plea and the legality of the sentence imposed).

The record refutes Rizzuto's ineffective assistance claim that he was unaware that his statements to police could be suppressed before he entered his plea. At sentencing, Rizzuto again confessed that he played a role in the crimes and wished to go to trial to establish the extent of his participation. *See* N.T., 3/9/21, at 3-5. Additionally, trial counsel stated that he had sent Rizzuto discovery on three separate occasions prior to his plea. *Id.* at 15. Thus, Rizzuto's second ineffectiveness claim fails.

In the third issue he wished to raise, Rizzuto asserts that he never waived his right to a preliminary hearing and the Commonwealth falsely informed the trial court that a full hearing was held. Our review of the record

---

ineffective for failing to raise this claim. Thus, we deny all three of Rizzuto's applications for relief.

refutes this claim. The record reveals that all charges were bound over to the trial court. Nonetheless, we note that Rizzuto's guilty plea cured any defect at the preliminary hearing stage. *See Commonwealth v. Dixon*, 161 A.3d 949, 951 (Pa. Super. 2017) (explaining that the entry of a guilty plea cures any defect that may have occurred at the preliminary hearing stage and generally constitutes waiver of any errors from the preliminary hearing). Thus, we agree with current PCRA counsel's assertion that this claim is frivolous.

In his fourth and final issue, Rizzuto wished to claim that prior PCRA counsel was ineffective when he filed a motion to withdraw and a no-merit letter when he should have raised a claim that the plea was defective because it lacked a factual basis. As noted above, Rizzuto raised this claim in his *pro se Anders* response on direct appeal, but this Court found the claim waived. *See supra*. Reviewing the guilty plea transcript, however, trial counsel and the Commonwealth stipulated to the facts supporting the charges to which Rizzuto entered a guilty plea. *See* N.T., 10/26/20, at 6. Thus, we agree with current PCRA counsel's assessment that this layered claim of ineffectiveness is frivolous.

Finally, after an independent review of the record we have failed to discover any non-frivolous issue. We therefore grant counsel's petition to withdraw and affirm the order denying Rizzuto post-conviction relief.

Applications for Relief denied. Petition to Withdraw granted. Order affirmed.

- 10 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/04/2024